## Commonwealth v. Ford

*Norman Snyder*, for Commonwealth.
*D. Barry Gibbons*, for defendants.

DIGGINS, J., January 14, 1963.—This is an action in assumpsit by the Commonwealth of Pennsylvania for the care and maintenance of the son of defendants in the Pennhurst State School and is tried on stipulation by a judge without a jury. The following facts are not in controversy:

The son, Russell S. Ford, is an inmate and has been a patient in Pennhurst School since November of 1954. On January 13, 1961, the Court of Quarter Sessions of Delaware County entered an order on the father defendant for the sum of $14 per week for the care and maintenance of the son. The Commonwealth sought the aforesaid order under the Act of 1959, which provides that the Commonwealth may ask for such an order but, if it does so, the amount of that order limits the responsibility of defendant and there can be no claims for maintenance made over and above the order. Therefore, the Commonwealth in this case

makes a claim for maintenance over and above the sum paid prior to the fixed order of January 13, 1961. The Commonwealth computes this claim at $3,883.71, which is stipulated to be the amount claimed over and above moneys paid during the same period for maintenance.

Defendants contend: (1) that they were informed by the representative of the Commonwealth, at the time the original arrangements for maintenance were made, that there would be no further demands made if the original and subsequent payments were made at the rate fixed; (2) that defendant wife is not liable under the law for the support, and there should be no judgment rendered in this court against her; (3) that the Act of June 1, 1915, P. L. 661, sec. 3, as amended, 71 PS §1783, does not provide for joint liability of mother and father of a patient; and (4) that under the Mental Health Act of June 12, 1951, P. L. 533, art. VII, sec. 701, as amended, 50 PS §1361, the Commonwealth is jointly liable with the other classes mentioned therein.

We will deal with these defenses ad seriatum.

As to the first, we think there is no merit to the contention that the Commonwealth is bound not to seek this recovery because of reputed statements made by the Commonwealth's agent, which palpably were beyond the agent's authority and do not bind the Commonwealth, and this is particularly so when at the time an agreement was entered into, providing that the father pay $35 a month, with a paragraph stating that he would pay, if and when possible, the difference between payments already made toward the maintenance of said patient and the actual cost of maintenance at Pennhurst State School, and it was further stated in the written instrument that at the time the maintenance cost was between $68 and $70 per month. This agreement could not be abrogated by parol evidence.

As to the second defense that the wife is not liable for the support of her son, this has not been true since the Act of 1915, although at common law that probably was the law, but the legislature, by the Act of 1915, supra, specifically provided the list of those responsible and in the list there is included husband, wife, father, mother, etc. Therefore, since the Act of 1915, supra, there is visited upon the mother liability under certain conditions. This brings us then, both as to the mother and father, to the Act of 1951, 50 PS §1361, which provides:

"Except as otherwise specifically provided in this act, liability for all costs of care of any patient in any State institution is hereby imposed, in the following order, against—

"(1) The patient's real and personal property;

"(2) The persons liable for the patient's support;

"(3) The Commonwealth or, in the case of an inebriate, the county or institution district in which he resides."

This Act of 1951, supra, was amended by the Act of March 15, 1956, P. L. 1291, sec. 1, 50 PS §1361. This 1956 amendment, however, does not change the order of liability but simply adds a section irrelevant here. It is argued that this Act of 1951, as amended in 1956, repeals all acts inconsistent therewith. Granted that it does, the Act of 1915 is certainly not inconsistent. It provides a list of persons liable for the patient's support without which the second class of persons mentioned in the Act of 1951, as amended, could not be determined.

Therefore, with relation to fixing liability, the principal difference between the Act of 1915 and that of 1951, as amended, merely was to put the first liability on the patient's real and personal property which heretofore had not been in the law. Therefore, we are of the opinion that under the law as it stands today, with

the Acts of 1915 and 1951, as amended, the mother is one of those liable and the Commonwealth could select any or all of those made liable as potential payees. Therefore, the second defense is without merit.

The third defense is that the mother is not *jointly* liable. (Italics supplied.) The difference, it will be noted, is that the second defense has to do with the mother's separate responsibility. The third has to do with her joint responsibility. On this point, there is the case of Commonwealth v. D'Alessandro, 4 D. & C. 2d 155, supporting that position. However, we do not consider this a well considered opinion, but rather the opinion of Commonwealth v. Schmidt, 70 D. & C. 335, to the opposite effect, wherein Judge Henninger said:

"It follows, therefore, that although at common law the liability of the father for the support of his son might have been paramount to that of the mother, under the statute both are so liable and without any limitation as between one or the other."

Therefore, we are of the opinion that since each under the statutes of the Commonwealth of Pennsylvania are separately liable, they are also jointly liable.

However, it is to be noted that the liability imposed by the 1915 statute in any event is contingent upon ability to pay. On this point, the record discloses that the father earns a take-home pay of approximately $125 per week. There is against this a fixed charge of $14 per week for the support of the subject patient. He has some other unusual expenses because his wife has a chronic illness and another child at home suffers from rheumatic fever, so that his medical bills at home average $28 per week, and he has the usual expenses of maintenance of the house, etc., generally found in this income bracket. However, it is clear that there is some ability to pay beyond the $14 per week so far as the father is concerned.

We think that the same provision regarding ability to pay applies to the mother. The record shows that she has no income or ability to earn an income. She has a capital asset consisting of an equity of approximately $4,000 as a tenant by the entireties in the jointly owned home, the approximate value of the home being $15,200, with a mortgage of $7,000, leaving a total equity of aproximately $8,000.

This brings us to the fourth defense to the effect that the Commonwealth itself is liable jointly with the parties. We think, however, the intent and purpose of the legislature is to make the Commonwealth liable so that the patient will be assured of care, but so save the Commonwealth the right to recoup from those made liable under the statute.

On this point, Judge Shoyer, in Barna Estate, 26 D. & C. 2d 369, at 371, said:

"The obligation of the patient's relations under the Mental Health Act of June 12, 1951, as amended, as well as under the Act of June 1, 1915, as amended, is a *primary* obligation in the nature of a suretyship: Commonwealth v. Zommick, 362 Pa. 299 (1949); Liberty Bank & Tr. Co. v. Commonwealth, 85 D. & C. 279 (1952); McIlwain's Estate, 4 Fiduc. Rep. 200 (1954)."

And Judge Henninger said in Liberty Bank and Trust Co. v. Commonwealth, 85 D. & C. 279, at 283:

"So far as the Commonwealth of Pennsylvania is concerned, the argument is academic. Since it is the last in order and has already provided for the care and maintenance of the patient, all persons and estates liable for her support are answerable to it and it is not bound by any priorities between parties: Commonwealth v. Zommick, 362 Pa. 299, 301; Scheirer Estate, 75 D. & C. 64, 66."

This case requires an approach reasonably calculated to do equity among all of those liable, including the

Commonwealth, and in an effort to attain this end, we are of the opinion that judgment should be entered in favor of the Commonwealth and against the father and mother, Warren N. Ford and Anna V. Ford, his wife, in the sum of $3,883.71, which assures the Commonwealth of the legality of its basic claim. So far as additional payments to become presently due, these must be limited to defendant father, and we are of the opinion that they should not exceed $25 per month additional, and that an order should be made effectuating this reasoning.

The foregoing is consistent with the law of this forum as expressed in Commonwealth v. Smith, 19 D. & C. 2d 222, 46 Del. Co. 397, and we therefore make the following

### Order

And now, to wit, January 14, 1963, upon consideration of the above matter, the court makes the following

### Decision

1. Plaintiff has shown its right to recover by a preponderance of the evidence.

2. Defendants are liable.

3. Plaintiff is entitled to judgment in the sum of $3,883.71 and verdict in that amount is rendered in favor of plaintiff, Commonwealth of Pennsylvania, and against defendants, Warren N. Ford and Anna V. Ford, his wife, upon the condition that the father, Warren N. Ford, pay on account of the said judgment the sum of $25 per month. If defendant father fails to pay on account of said judgment, or seeks to alienate said property before the judgment is liquidated, or the mother defendant, Anna V. Ford, succeeds to the title by operation of law, or otherwise, then that contingency shall be met by further order of this court.

### Order

The prothonotary is directed to give notice immediately to the parties or to their attorneys of record of the filing of the foregoing decision and, if no exceptions be filed thereto within 30 days after the service of such notice, to enter judgment in accordance with such decision.

### Opinion sur Exceptions

DIGGINS, J., July 30, 1963.—And now, to wit, July 30, 1963, defendant in the above entitled matter having filed exceptions to decision of January 14, 1963, alleging that because the decision required defendant, Warren N. Ford, to pay a specific amount on the judgment monthly, that part of the decision was beyond the scope and power of the court, and counsel for the Commonwealth does not traverse this allegation, and we agree that that part of the decision is improper.

It is ordered, adjudged and decreed that the exceptions be and the same are hereby sustained and we make the following

### Amended Decision

1. Plaintiff has shown its right to recover by a preponderance of the evidence.

2. Defendants are liable.

3. Plaintiff is entitled to judgment in the sum of $3,883.71 and verdict in that amount is rendered in favor of the plaintiff, Commonwealth of Pennsylvania, and against the defendants, Warren N. Ford and Anna V. Ford, his wife.